## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

GREGORY E. WILSON,       :
       :
       Claimant,       :
       :
v.       :       CASE NO. 4:08-CV-00170-CDL-GMF
       :       Social Security Appeal
MICHAEL J. ASTRUE,       :
Commissioner of Social Security,       :
       :
       Respondent.       :

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ) determination, denied Claimant's application for social security disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth*, 703 F.2d at 1239.  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if supported by substantial evidence.  *Id.*

The initial burden of establishing disability is on the claimant.  *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1, *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

2

a claimant is disabled.   20 C.F.R. § 404.1520, Appendix 1, Part 404.   First, the Commissioner determines whether the claimant is working.   If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.   Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.   Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing").   Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.   Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.   In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.   *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).   The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.   *Id.*

## ISSUES

I.      **Whether substantial evidence supports the ALJ's decision that Claimant is not disabled.**

II.     **Whether new evidence attached to Claimant's brief warrants remand.**

3

## Administrative Proceedings

Claimant filed for disability benefits on or about July 26, 2004. (T-14). Claimant's application was denied initially and on reconsideration. (T-34-35, 43-57). Claimant then filed a request for a hearing before an ALJ, which was held on November 15, 2007, in Columbus, Georgia. (T-27-33, 42, 618-31). Subsequent to the hearing, the ALJ found that Claimant was not disabled in a decision dated December 27, 2007. (T-14-26). Although the Appeals Council received additional evidence, thereafter, the Appeals Council denied Claimant's requested review of the ALJ's findings, making the ALJ's decision the final decision of the Commissioner. (T-6-9).

## Statement of Facts and Evidence

Claimant alleges a disability beginning June 8, 2004. (T-14). After examining the medical records, the ALJ determined that Claimant suffers from left shoulder impingement, right rotator cuff syndrome, lumbar degenerative disc disease, and obesity, impairments which he found to be severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (T-16-17). After a thorough review of the record, the ALJ found that Claimant has the residual functional capacity (RFC) to perform light work with certain exertional limitations due to his left shoulder impingement. (T-18). Because he found that Claimant could perform jobs existing in significant numbers in the national economy, the ALJ made a finding of "not disabled." (T-25).

4

**DISCUSSION**

I.   **Does substantial evidence support the ALJ's decision?**

Claimant's brief consists of enumerated paragraphs wherein Claimant identifies a "Finding of fact," referring to the ALJ's Findings, and matches his own allegations, labeled either "Contradicting statement" or "Truth in the matter."[2]  (R-11).

As an initial matter, some of Claimant's allegations are not contradictory, and the ALJ's Findings he challenges actually favor a finding of disabled.  For example, while the ALJ classifies Claimant as "obese" (T-17), Claimant, in his paragraph 4, refers to record evidence describing him as "very strong and well developed in the bilateral upper and lower extremities."  (R-11, p. 2).  The Regulations state that obesity can cause or contribute to impairments of the musculoskeletal, respiratory and cardiovascular body systems.  SSR 02-1p.  Here, Claimant's strength favors his ability to work, especially within the RFC of light work identified by the ALJ.  Additionally, regarding the ALJ's finding that hydrocodone, percocet or flexeril afford him no relief from back pain (T-17), Claimant identifies contrary evidence in his paragraph 6 that these medications help somewhat.  (R-11, p. 2).  A successful treatment regimen also favors Claimant's ability to work.

Instead, it is found that the ALJ applied the proper legal standards, and substantial evidence supports his decision that Claimant is not disabled.  As stated above, the ALJ must ascertain a claimant's residual functional capacity, the most the claimant can do despite his

---

[2]Claimant's paragraph numbers appear to skip from 6 to 12.

limitations, and use it at step four to determine whether the claimant can return to past relevant work or at step five to determine whether the claimant can perform any other work that exists in the national economy. 20 C.F.R. § 404.1545. The ALJ must take into account all of the relevant medical and other evidence. *Id*. The burden of proof of establishing disability is on the claimant.

Here, Claimant takes issue with the ALJ's assessment of his RFC. (R-11, p. 1-2). Specifically, in his paragraph 1, he contends that the ALJ erred by determining that he could perform sustained work activity on a regular and continuous basis for 8 hours per day, 40 hours per week, with normal breaks. (T-18). Claimant cites contrary evidence from Dr. Lokkesmoe, the VA independent medical examiner, opining that he could function at the sedentary level only. (R-11, p. 1). The ALJ can reject the opinion of any physician when the evidence supports a contrary conclusion. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). Here, the ALJ properly rejected the opinion of Dr. Lokkesmoe as, in part, "unsupported by his objective findings on examination and . . . contrasted by the totality of the evidence of record." (T-20). Moreover, determinations of disability or RFC "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination of disability." 20 C.F.R. § 404.1527(e); *see* SSR 96-5p. Under this authority, Dr. Lokkesmoe's determination that Claimant could only function at the sedentary level is an improper opinion on an issue reserved to the Commissioner. Similarly, the VA disability determinations cited

in Claimant's paragraphs 15 and 16 are improper opinions on issues reserved to the Commissioner.  Accordingly, no error is found as to these contentions.

Claimant's contention in his paragraph 2 also fails.  Claimant takes issue with the portion of his RFC where the ALJ found him capable of sitting up to 6 hours in an 8 hour day and standing and walking up to 6 hours in an 8 hour day.  (T-18).  Claimant points to observations of Dr. Farman that Claimant appeared uncomfortable sitting in a chair and complained of lower back pain when getting out of the chair and onto the exam table.  (R-1, p. 2).  The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, he must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain."  *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).  Here, the ALJ afforded significant weight to the opinion of Dr. Farman, stating, "It is noted in resolution of the greatest benefit of the doubt for the benefit of the claimant, that the undersigned has afforded more restrictive exertional limitations than those opined by Dr. Farman."  (T-24).  At the same time, the ALJ properly adjudged Claimant's statements regarding his symptoms, including his allegations of pain, to be only "partially credible."  (T-23).  In his brief, Claimant has failed to establish either that the medical evidence confirmed the severity of his pain or that his medical condition was so severe as to reflect the alleged pain.  No error is found.

In his paragraph 3, Claimant further assigns error to the ALJ's finding that, based on

7

his RFC and vocational expert testimony, Claimant can perform other, unskilled, light occupations. (T-25). Specifically, Claimant contends that the ALJ erred by not accepting the VE's testimony that his need to lie down at least two hours during the day would preclude Claimant from competitive employment. (R-1, p. 2). While hypothetical questions posed to a vocational expert must contain adequate assumptions or the answers given cannot constitute substantial evidence of ability to engage in substantial gainful activity, *Stubbs v. Mathews*, 544 F.2d 1251, 1256-57 (5th Cir. 1977),"the ALJ is not required to pose a hypothetical question assuming limitations that the ALJ does not find credible." *Sanabria v. Comm'r of Social Sec.*, 2008 WL 5264669, at *5 (11th Cir. 2008) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir.2004)). In this case, it is found that the ALJ included all limitations he properly found credible in the hypothetical posed to the vocational expert. Thus, the ALJ did not err by failing to include the limitation of lying down at least two hours during the day in Claimant's ultimate RFC.

In his paragraph 5, Claimant disputes the ALJ's finding that "Medical progress notes consistently denote that the claimant demonstrates normal gait, stance, balance, and station." (T-18). Claimant cites medical records from Dr. Farman observing Claimant's gait as limping on the left leg. (R-1, p. 2). Given the substantial evidence supporting the ALJ's Findings, this general statement is hardly reversible error. In fact, as stated above, the ALJ afforded significant weight to Dr. Farman's opinion and construed Dr. Farman's medical evidence in Claimant's favor. No error is found as to this issue.

No inconsistency is found in Claimant's paragraphs 12 or 17. Similarly, in his

8

paragraph 13, Claimant asserts that, contrary to the ALJ's finding (T-23), he has never seen a chiropractor.  (R-1, p. 3).  In fact, medical records from Claimant's physician, Dr. Custer, state that Claimant reported he had been seeing a chiropractor occasionally and asked if his medical insurance covered his visits.  (T-489).  No error is found as to these issues.

In reviewing the record, no evidence of error is found to substantiate Claimant's contentions that the ALJ committed reversible error in this case.  Moreover, the record fails to reveal evidence of the ALJ acting outside of his judicial role in determining the extent of Claimant's disability.

## II.    Does new evidence attached to Claimant's brief warrant remand?

Claimant's exhibit to his brief contains the following documents: a Pain Questionnaire of 6/28/05, signed by Elton Gaddy, M.D.; a Medical Assessment of Ability to do Work Related Activities of 6/28/05, also signed by Dr. Gaddy; and a May 2006 notice from the Department of Veterans Affairs (VA).  (R-11-1).  Claimant appears to contend that these documents support his disability claim.  Claimant first presented this new evidence to this Court.

Where new evidence is not properly presented to the Appeals Council or is first presented to the district court, remand under sentence six of 42 U.S.C. § 405(g) is appropriate.  The claimant must establish that (1) new, non-cumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the failure to submit the evidence at the appropriate administrative level.  *Id*. at 1267-68*; Caulder v. Bowen*, 791 F.2d

872, 876 (11th Cir. 1986); *Cherry v. Heckler*, 760 F.2d 1186, 1192 (11th Cir. 1985).

As to the first prong of the test for sentence six remand, it is found that the new evidence is not material. Dr. Gaddy's reports lack a sufficient level of detail in that the nature of Dr. Gaddy's treatment relationship with Claimant and the clinical findings on which he bases his medical opinions are unclear. Additionally, as discussed above, the VA's report is an improper opinion on an issue reserved to the Commissioner. Respondent notes and this Court agrees that the ALJ properly considered notices and medical records from the VA. (R-14, p. 18). Accordingly, the new evidence is not material in that, pursuant to the Regulations, it carries limited weight and therefore could not reasonably be expected to change the ALJ's decision

Moreover, Claimant has also failed to satisfy the third prong of the test for sentence six remand as he has not proffered any cause for his failure to submit the new evidence at the appropriate administrative level. For all of these reasons, it is found that the new evidence attached to Claimant's brief does not warrant remand.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 13th day of May, 2009.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

lml